UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Annie Marie Patrick, | ) | CASE NO.: 5:15CV1376 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CitiMortgage, Inc., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court are objections filed by Plaintiff Annie Marie Patrick to the proposed findings of fact and conclusions of law issued by the bankruptcy judge in this matter. In addition, Patrick has moved for leave to file supplemental pleadings and has sought a referral to mediation. The Court now resolves this matter.

**I. Facts**

In 2012, Plaintiff Annie Marie Patrick applied to modify her mortgage under the Home Affordable Modification Program ("HAMP"). Defendant CitiMortgage, Inc. reviewed the application and found Patrick to be eligible for a modification. As a result, Patrick was enrolled in a program that required her make three trial payments. These payments were made in the amount of $520.02. Patrick's prior mortgage payment had been $816.97. When Patrick successfully completed this trial period, CitiMortgage offered her a permanent modification. Patrick agreed and signed a Home Affordable Modification Agreement with a resulting payment of $519.78.

1

Despite signing the agreement, Patrick filed an adversary action in her bankruptcy. In that action, Patrick alleged breach of contract, breach of the implied covenant of good faith and fair dealing, and a violation of the Real Estate Settlement Procedures Act ("RESPA"). At its core, Patrick's adversary proceeding centered upon her belief that her modified payment had been calculated in violation of HAMP guidelines. Following discovery and briefing, the bankruptcy court recommended that summary judgment be granted in CitiMortgage's favor on all of Patrick's claims. On July 10, 2015, Patrick objected to the proposed findings of fact and conclusions of law issued by the bankruptcy court.

## II. Legal Standard

Fed. R. Bankr. P. 9033(d) provides:

> The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

As the bankruptcy court issued summary judgment, the Court is also mindful of that standard.

Under Federal Rule of Civil Procedure 56(a), the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment may satisfy its burden under Rule 56 in either of two ways: (1) "submit affirmative evidence that negates an essential element of the nonmoving party's claim," or (2) "demonstrate to the Court that the nonmoving party's evidence is insufficient to

establish an essential element of the nonmoving party's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986).

A movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Id*.  Likewise, the moving party's burden of production "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co*., 398 U.S. 144 (1970); *White v. Turfway Park Racing Ass'n*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co*., 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034

(D.C. Cir. 1988)).  The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. Columbus*, 801 F.Supp. 1, 4 (S.D.Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

**III. Analysis**

As HAMP does not provide for a private cause of action, the bankruptcy court construed Patrick's claim as a claim for breach of contract.  In so doing, the bankruptcy court found that the parties had incorporated the HAMP guidelines into the loan modification agreement.  Patrick contends that following that finding, the bankruptcy court erred when it found no breach of contract.

Patrick appears to first contend that CitiMortgage breached the loan modification agreement when it improperly capitalized her escrow shortage.  Patrick contends:  "The 04/23/15 Decision of the Bankruptcy Court excuses the failure to capitalize and Defendant's refusal to provide discovery as to this failure by finding that the escrow arrearage was not in existence at the time the HAMP agreement was executed. This finding is demonstrably incorrect."  Doc. 2 at 5.  In so doing, Patrick ignores entirely the relevant HAMP guideline which provides:

> **Escrow reserve deficiencies**
>
> For taxes and insurance premiums that are not yet due before the Modification Effective Date, the Servicer must determine the amount needed to establish the Escrow account (Escrow shortage) that, together with the monthly Escrow payment included in the monthly Mortgage payment, will be sufficient to pay all future taxes and insurance premiums when they fall due.

4

> The Borrower may either remit the Escrow shortage as a lump sum payment or Monthly Escrow Shortage Payment as part of the Target Payment. This amount may not be capitalized in the UPB of the Mortgage.

HAMP Guideline C65.6(d).  Patrick contends that the mere existing of an escrow shortage suggests that the shortage is somehow past due or delinquent and therefore eligible to be capitalized over the life of the loan.  Patrick, however, did not offer any evidence to support this fact.  Instead, Patrick offered only the conclusory assertion that *any* escrow shortage that existed was necessarily subject to capitalization over the life of the loan.  As detailed above, however, the HAMP guidelines contemplate the existence of an escrow shortage and there is nothing in the record to suggest that CitiMortgage somehow improperly invoked Guideline C65.6(d).  As such, Patrick's objection on this issue is not well taken.

With regard to the calculation of this escrow shortage, Patrick contends that the bankruptcy court erred when it failed to compel the production of certain documents from CitiMortgage.  In denying Patrick's request, the bankruptcy court found that documents that were produced *after* the loan modification agreement had been signed could not be relevant in shedding light on how the escrow amount was calculated.  Patrick has not shown error in this logic.  Like the bankruptcy court, this Court finds that documents produced after the loan modification agreement had been signed cannot shed light on how the escrow shortage was calculated months before.  Accordingly, Patrick can show no error and no prejudice stemming from any alleged error by the bankruptcy court when it declined to compel production.[1]

---

[1] For similar reasons, the bankruptcy court was not required to evaluate the work product doctrine.  Even a compelling need would not require production of documents that could not be conceivably relevant to the underlying litigation.

Patrick also appears to take issue with the bankruptcy court's resolution of her arguments regarding increases that have already occurred under the loan modification agreement. Specifically, it appears from the record that Patrick's escrow shortage has significantly increased as a result of duplicate hazard insurance premium payments. As she did before the bankruptcy court, Patrick contends that CitiMortgage should seek out a refund of these payments. And just as she failed to do so before that court, Patrick has failed to offer this Court any legal authority to suggest that CitiMortgage is obligated to undertake such action. It is apparent that any duplicate payments necessarily resulted from Patrick's action as CitiMortgage does not choose the hazard insurance carrier. As a result, the Court has found no legal authority that suggests a claim can lie against CitiMortgage for failing to attempt to recover these duplicate premiums.[2]

Finally, Patrick contends that the bankruptcy court erred when it concluded she had offered no specific act or omission by CitiMortgage that supported a claim for breach of the implied covenant of good faith and fair dealing. Patrick, however, has failed to identify any such act before this Court as well. Instead, Patrick relies on her assertion that CitiMortgage improperly calculated her new monthly payment under the modification agreement. Having found no error in the bankruptcy court's resolution of that issue, it follows that Patrick may not rely on such an argument. Moreover, to the extent that Patrick appears to argue that a breach occurred when CitiMortgage did not respond to her Qualified Written Request, Patrick attempts to ignore that it is undisputed that she did not send those requests to the proper address. As such, the Court finds no

---

[2] The Court does note that nothing prevents Patrick from attempting to recover these alleged duplicate payments. Such a recovery would offset a portion of the hardship Patrick alleges she has incurred based on her increased payments.

error in the bankruptcy's court resolution of Patrick's claim for breach of the implied covenant of good faith and fair dealing.

In addition to her objections, Patrick also seeks leave to supplement her amended complaint. Doc. 4. All of Patrick's claims other than her breach of contract claim were resolved via summary judgment on December 22, 2014. Her breach of contract claim was resolved on April 22, 2015. She filed her objections on May 28, 2015. CitiMortgage filed its response to those objections on June 26, 2015. It was not until July 26, 2015 that Patrick sought leave. In support, Patrick contends that her escrow payments increased and that CitiMortgage improperly responded to her request for information regarding this release. Patrick appears to contend that these actions began sometime in April of 2015 and culminated with her receipt of documents on or about June 25, 2015. Even accepting this timeline as true, Patrick is faced with the fact that she seeks leave after a judgment was entered on her claims. Moreover, she contends that she and her "counsel are in the process of reviewing the enclosed documents, but it is clear that these recent communications and actions constitute a basis for this Motion for Leave to File Supplemental Pleading[.]" Doc. 4 at 3. As such, Patrick has wholly failed to explain how these later-occurring facts form a viable legal claim and warrant amendment at such a late stage of the proceedings. As a result, the motion for leave is DENIED.

Given the resolution of the Patrick's objections, her request for this matter to be referred to mediation is DENIED.

**IV. Conclusion**

The bankruptcy court's findings of fact and conclusions of law are hereby adopted. Consistent with the conclusions, judgment is hereby entered in favor of Defendant CitiMortgage, Inc.

IT IS SO ORDERED.


March 24, 2016                             ____/s/ *Judge John R. Adams*_____
                                           JUDGE JOHN R. ADAMS
                                           UNITED STATES DISTRICT COURT